[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14681
Non-Argument Calendar

_____

D.C. Docket No. 2:06-cr-14033-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN ALLAN LAVOIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Norman Allan Lavoie appeals the 24-month sentence imposed after a district court revoked his supervised release for the third time.  Lavoie argues his sentence was substantively unreasonable because it was twice the high end of his advisory Sentencing Guideline range.  After careful review, we affirm.

## I.

In December 2006, Lavoie pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).  The district court sentenced him to 135-months imprisonment and a lifetime of supervised release.  The district court also imposed a host of special conditions, including ones prohibiting Lavoie from accessing a computer (except in very limited circumstances) and barring him from buying, selling, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct.

After his release from incarceration, Lavoie began serving his term of supervised release.  But in June 2016, he admitted to violating the terms of his release by, among other things, purchasing and possessing adult pornography.  The district court sentenced Lavoie to 9-months imprisonment.

After serving that 9-month term of incarceration, Lavoie resumed supervised release.  However, he was again found to have violated the terms of his release.  Specifically, Lavoie admitted to possessing adult pornography and to using a computer to view adult pornography.  This time, the district court imposed a prison

2

sentence of 18 months.  The district court varied upward from an advisory

Sentencing Guideline range of 6 to 12 months because both of Lavoie's violations

occurred very soon after he had been released from prison.  The district court also

noted that the Probation Office said it discovered Lavoie had accessed images of

child erotica, and the "nine-month sentence failed to make an effective impression

on him as to the seriousness of his conduct."  Lavoie appealed his sentence, and

this Court affirmed.  United States v. Lavoie, 724 F. App'x 824, 827 (11th Cir.

2018) (per curiam) (unpublished).

    After Lavoie completed about 13 months of that sentence, he again resumed

his supervised release.  But soon after he was released from prison, the district

court found that he violated his conditions of release for a third time.  As before,

the district court found Lavoie possessed adult pornography.  The court also found

Lavoie bought adult pornography and possessed a computer without prior court

approval.

    At sentencing, the court first determined Lavoie's Guideline range was 6 to

12 months.  Lavoie's counsel asked the district court to give him a "Guideline

sentence, even at the high end so that he has time to participate in [a] treatment

program."  Counsel later reiterated, "We concede that he needs to continue his

treatment, Judge. . . . I even indicated a sentence at the high end of the Guideline

range would be appropriate because it's going to take some time for him to get

meaningful treatment in th[e] facility." The government agreed Lavoie needed treatment, and asked the court to impose a 24-month sentence to "guarantee a long enough period for him to have the type of treatment he needs." The government also argued an above-Guideline sentence was warranted because during a search of Lavoie's home, it found a handwritten story offering a graphic, first-person account of a male having a sexual encounter with what appeared to be a young female. Lavoie admitted he wrote the story, but claimed the female referenced was an adult. In the government's view, the story—coupled with Lavoie's earlier violations—justified an upward variance.

The district court commented that Lavoie had again violated the terms of his release very soon after release from prison. The court also observed, "he may need more time in order to get more treatment, but I have my doubts as to whether treatment is going to do him any good, but we will make it available to him." The court then sentenced Lavoie to 24 months in prison. Lavoie now appeals his sentence.

## II.

"We review the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating)

the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Then, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

In evaluating substantive reasonableness, "[w]e must measure 'reasonableness' against the factors outlined by Congress in 18 U.S.C. § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1188 (11th Cir. 2008).  These include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to provide the defendant with needed . . . correctional treatment in the most effective manner"; and the applicable sentencing range as set forth in the Guidelines.  18 U.S.C. § 3553(a).  We "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51, 128 S. Ct. at 597.  We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted).

5

## III.

Lavoie argues his 24-month sentence was substantively unreasonable.  He says none of the § 3553(a) factors warranted a sentence of twice the high end of his Guideline range.  He also says the sentencing judge was not justified in varying upward from the Guideline range on the bases that it was Lavoie's third violation and a 24-month sentence would give him more time to get treatment.

First, to the extent Lavoie argues his need for treatment was an impermissible factor for the sentencing court to consider, we cannot review his claim because he invited this purported error.  The Supreme Court has held that a sentencing court is precluded "from imposing or lengthening a prison term to promote an offender's rehabilitation."  Tapia v. United States, 564 U.S. 319, 332, 131 S. Ct. 2382, 2391 (2011).  But Lavoie induced the district court to sentence based on his need for additional treatment.  He asked for "a sentence at the high end of the guideline range . . . because it's going to take some time for him to get [] meaningful treatment."  Under the invited error doctrine, this Court cannot review an alleged error on appeal "when a party induces or invites the district court into making an error."  United States v. Harris, 443 F.3d 822, 823 (11th Cir. 2006) (quotation marks omitted).  Because Lavoie invited any Tapia error, we cannot review his claim.  See United States v. Heard, 559 F. App'x 849, 854 (11th Cir. 2014) (per curiam) (unpublished) (holding a defendant invited error by raising

rehabilitation as a basis for sentencing and thus waived any argument the district court violated <u>Tapia</u>).

As for Lavoie's argument about the length of his sentence, we conclude his 24-month sentence was substantively reasonable. The district court imposed the 24-month sentence after shorter sentences for two earlier revocations failed to deter Lavoie from again violating the conditions of his supervised release. The district court also observed that Lavoie's most recent violations occurred only about five weeks after he had been released after serving his sentence for the second revocation. Under these circumstances, we cannot say the district court's decision to impose a sentence of double the high end of Lavoie's Guideline range was a clear error of judgment.

**AFFIRMED.**