[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-10160
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-10016-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(March 24, 2006)**

Before BIRCH and MARCUS, Circuit Judges, and MILLS[*], District Judge.

MILLS, District Judge:

---

[*] Honorable Richard Mills, United States District Judge of the Central District of Illinois, sitting by designation.

Anthony Harris entered an open plea of guilty to possession with intent to distribute at least five or more grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a), (b)(1)(B)(iii).

The parties jointly recommended an 80 month sentence. The district court asked Harris if he was waiving his right to a presentence investigation report ("PSI") and willing to proceed to sentencing. Harris' counsel answered, "Yes, Your Honor."

The district court stated that it was inclined to accept the parties' recommended sentence. Without offering any other reasons, the district court imposed a sentence of 80 months.

On appeal, Harris argues that he did not waive his PSI and that the district court could not sentence him without one. Harris also contends that a subsequently created PSI incorrectly calculated his criminal history by holding him responsible for criminal offenses which he did not commit.

## ANALYSIS

"The doctrine of invited error is implicated when a party induces or invites the district court into making an error." United States v. Stone, 139 F.3d 822, 838 (11th Cir.1998). Where a party invites error, the Court is precluded from reviewing that error on appeal. See Ford ex rel. Estate of Ford v. Garcia, 289 F.3d

1283, 1294 (11th Cir.2002), <u>cert.</u> <u>denied</u>, 537 U.S. 1147, 123 S.Ct. 868, 154 L.Ed.2d 849 (2003).

Harris argues that he had a right to a PSI pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) because the district court did not have sufficient facts to sentence him without one. <u>See id</u>. (allowing a court to sentence an individual, even when a PSI has not been prepared, so long as "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record").

In this case, the district court failed to satisfy Rule 32(c)(1)(A)(ii). The sentencing judge merely stated that he was inclined to accept the 80 month sentence the parties recommended. The judge never found that the information in the record allowed him to meaningfully exercise his authority. This omission plainly violates Rule 32(c)(1)(A)(ii).

However, despite the district court's omission, Harris cannot succeed on his appeal. The fact remains that Harris' counsel waived the PSI and that waiver invited any error that may have arisen here. Accordingly, there is no reversible error. <u>See</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1289-90 (11th Cir.2003) (finding that defendant whose counsel had affirmatively stipulated to the playing

3

of a tape-recorded statement had invited any error resulting from the jury's hearing the tape, and thus that any potential error was not reversible).

The district court's sentence is **AFFIRMED**.