[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12816
Non-Argument Calendar

_____

FILED

J.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00065-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WYATT HENDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 22, 2006)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Wyatt Henderson appeals his 27-month concurrent sentences imposed after

resentencing.[1]  Henderson claims that the district court plainly erred by failing to obtain an updated presentence investigation report ("PSI") upon resentencing, and erred in failing to award a downward departure or variance.

As a preliminary matter, we first address the government's assertion that Henderson's arguments regarding the need for an updated PSI with the firearm-enhancement references excised, should not be reviewed at all because he invited the district court during resentencing to rely on the original PSI.  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error.  Where a party invites error, [we are] precluded from reviewing that error on appeal."  United States v. Harris, 443 F.3d 822, 823-24 (11th Cir. 2006) (quotations and citations omitted).  In Harris, the district court clearly violated Rule 32 by failing to indicate that the record allowed it to sentence the defendant without a PSI.  Id. at 824.  Nonetheless, we did not review the defendant's Rule 32 argument on appeal that the district court could not sentence him without a PSI because "Harris'[s] counsel waived the PSI [by stating that Harris was willing to proceed without a PSI] and that waiver invited any error that may have arisen[.]"  Id.

---

[1]  We previously vacated Henderson's original sentence and remanded for resentencing in line with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  See United States v. Henderson, 409 F.3d 1293, 1306-08 (11th Cir. 2005), cert. denied, 126 S.Ct. 1331 (2006).

2

Here, however, unlike the situation in Harris, 443 F.3d at 823, Henderson never waived the PSI, and maintained his objections to it by referencing his sentencing memoranda in his supplemental letter submitted before resentencing. Although he stated that he had no objections to the factual statements in the PSI, he qualified this statement with, "None other than the ones that have previously been argued. Now in light of your new ruling, we stand by that." Thus, this situation is not analogous to the error invited in Harris by the explicit waiver of a PSI. Accordingly, Henderson's argument is not precluded from review.

Because Henderson did not object below to the use of the original PSI, we review his arguments on appeal for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005); see also United States v. Schulte, 264 F.3d 656, 662 (6th Cir. 2001) (persuasive authority) (reviewing for plain error the appellant's argument, made for the first time on appeal, that the district court erred by failing to obtain an updated PSI for resentencing). To prove plain error, a party must show that there is: "(1) error, (2) that is plain, and (3) that affects substantial rights" at which point "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Rodriguez, 398 F.3d at 1298 (quotations and citation omitted).

3

Under plain-error analysis, when no relevant case law exists, the error, if any, cannot be considered plain or obvious. United States v. LeCroy, 441 F.3d 914, 930-31 (11th Cir. 2006).

Henderson cannot prove that the district court committed error, plain or otherwise, by failing to obtain an updated PSI upon resentencing. Henderson's supplemental letter to his sentencing memorandum and the resentencing hearing transcript demonstrate that he had ample opportunity to inform the court of his good conduct during the two years preceding resentencing. Additionally, there is no requirement under Rule 32 that the court remove or resolve contested matters that do not affect the defendant's sentence, but rather only affect the severity rating by the Bureau of Prisons ("BOP"). See Bayless v. United States, 14 F.3d 410, 411-12 (8th Cir. 1994) (persuasive authority holding that a district court need not resolve disputed matters so long as those matters do not affect the sentence itself, and only affect the "offense severity rating on the parole guideline worksheet"); see also Fed.R.Crim.P. 32, 2002 advisory committee's notes ("To avoid unduly burdening the court, the Committee elected not to require resolution of objections that go only to service of sentence.").

Indeed, Rule 32 assumes that the PSI will contain disputed matters, and allows the district court to articulate how it will weigh that information. See

4

Fed.R.Crim.P. 32(i)(3)(B) (providing that, at sentencing, the court "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]").  Given that disputed information is allowed to remain in the PSI, Henderson cannot prove plain error.   Moreover, there simply is no case law providing that a district court, during resentencing, must order an updated PSI or excise portions of the PSI upon which it had initially and unconstitutionally relied.[2] See LeCroy, 441 F.3d at 930-31.  Accordingly, we find no plain error.[3]

Henderson also argues that the district court erroneously failed to consider arguments in favor of a downward departure, believed it lacked statutory authority to depart from the guideline range, and its statement that it found no reason to depart from the range was ambiguous and inconsistent with its statement that the

---

[2] Henderson also fails to meet the third prong of plain-error analysis because his speculative assertion that an updated PSI "likely" would have resulted in the probation officer recommending a downward variance lower than the range, does not "demonstrate that there is a reasonable probability of a different outcome" with an updated PSI.  See LeCroy, 441 F.3d at 931.

[3] Henderson's citation to United States v. Long, 656 F.2d 1162 (5th Cir. 1981), is unpersuasive.  In Long, as opposed to Henderson's case, the record contained no PSI.  See Long, 656 F.2d at 1163.  Not only did Henderson have a PSI, he also had the opportunity to object to the facts contained therein, and to argue for a lower sentence.  Unlike the situation in Long, where the district court waited 18 months before sentencing without a PSI, the district court here had a PSI, received supplemental information and arguments from Henderson, and, thus, did not "reduce the hearing on sentence to a meaningless formality." Long, 656 F.2d at 1165.

guidelines were advisory.

"[We] lack[] jurisdiction to review a district court's discretionary refusal to grant a downward departure, unless the district court incorrectly believed that it lacked the statutory authority to depart from the guideline range." United States v. Norris, 452 F.3d 1275, 1282 (11th Cir. 2006) (emphasis added) (citing United States v. Winningear, 422 F.3d 1241, 1245-46 (11th Cir. 2005)). The record here does not indicate that the district court mistakenly believed that it lacked statutory authority to depart downward. During the initial sentencing hearing, the district court entertained, but rejected, numerous arguments for a downward departure under a mandatory guidelines scheme. Additionally, at resentencing post-Booker, the district court simply noted that the guidelines were advisory, and decided not to grant a downward variance. Contrary to Henderson's contention, the district court's refusal to grant a downward variance does not somehow indicate that it believed it lacked authority to grant a downward departure. Accordingly, to the extent Henderson appeals the district court's failure to grant a downward guidelines departure, we lack jurisdiction to consider this claim.

To the extent Henderson challenges the district court's refusal to grant a downward variance, we review post-Booker sentences for reasonableness in light of the factors set forth in § 3553(a). Booker, 543 U.S. at 261, 125 S.Ct. at 765;

6

United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005).  A party challenging a sentence bears the burden of establishing that the sentence is unreasonable.  Talley, 431 F.3d at 788.  Because Henderson makes no arguments on appeal to establish that his sentences are unreasonable, he cannot meet this burden.

**AFFIRMED.**