[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2012
JOHN LEY
CLERK

No. 11-11951
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00127-LGW-JEG

DARRYL SOLOMON HOPE,

Plaintiff-Appellant,

versus

BUREAU OF PRISONS,
WARDEN ANTHONY HAYNES,
FCI Jesup, Georgia,
DIRECTOR OF PRISONS HARLEY LIPPIN,
U.S. DEPARTMENT OF JUSTICE,
ROBERT A. BUTTERWORTH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 5, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Darryl Hope, a federal prisoner proceeding pro se, appeals from the district court's dismissal of his civil rights action brought against various defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  He contends the district court erred when it dismissed his complaint for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a).  He also contends that the district court abused its discretion when it denied his motion to amend his complaint and denied his request for injunctive relief.

I.

Hope filed a Bivens claim against the Department of Justice, the Bureau of Prisons, United States Attorney General Eric Holder, Florida Attorney General Robert Butterworth, former Bureau of Prisons Director Harley Lippin, and Warden Anthony Haynes.  In his complaint, Hope alleged that the law libraries at the federal prisons where he was incarcerated were insufficient to allow him to meaningfully challenge two convictions under Florida law because the libraries lacked state law materials.  He asserted that the lack of access to Florida legal materials violated his constitutional right to access the courts, was an ongoing

2

problem, and had led to the denial of multiple motions for post-conviction relief. His complaint sought declaratory, injunctive, and monetary relief. After filing the complaint, but before any defendant filed a response, Hope filed a motion to amend his complaint to add a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346, against the United States. He sought to allege that he had been subjected to a retaliatory prison transfer resulting in the loss of some of his personal property.

A magistrate judge screened the complaint under 28 U.S.C. § 1915A(a) and issued a report that recommended the district court dismiss the complaint. The report concluded that Hope had made no factual allegations against the named officials, apparently seeking to hold them liable based solely on their supervisory positions. It also concluded that the federal agencies were not proper defendants in a <u>Bivens</u> action, and Hope had not met his burden of persuasion to obtain injunctive relief. The magistrate judge recommended denying Hope's motion to amend his complaint because the FTCA claim was unrelated to the allegations in the complaint. Hope filed objections to the report in which he conceded that he could not assert <u>Bivens</u> claims against the Department of Justice and the Bureau of Prisons and conceded that his FTCA claim for the loss of his property was unrelated to his civil rights claims. He then filed a motion to amend his complaint

to assert a second FTCA claim against the United States based on allegations already in the complaint.

The district court overruled Hope's objections and adopted the magistrate judge's report and recommendations. The court also denied Hope's second motion to amend because it concluded that access-to-courts claims could not be brought against the United States under the FTCA. Hope filed a motion for reconsideration, which the court denied, and he then filed this appeal.

II.

We review de novo the district court's dismissal of a claim for failure to state a claim under 28 U.S.C. § 1915(A)(b)(1) using the same standards that govern dismissal under Federal Rule of Civil Procedure 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). We "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). The complaint must allege facts that, if true, "state a claim to relief that is plausible on its face," but conclusory statements alone are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quotation marks omitted). We construe pro se pleadings liberally, Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011), but pro se litigants must still conform to procedural rules, Albra

4

v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

We review for abuse of discretion a district court's decision to deny a motion to amend a complaint. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1312 (11th Cir. 2009). We also review for abuse of discretion the district court's order denying an injunction, "but we examine de novo the district court's underlying legal conclusions on which the denial is based." Grigsby & Assocs., Inc. v. M Sec. Inv., 664 F.3d 1350, 1352 (11th Cir. 2011). When a party invites error, we do not review that error on appeal. United States v. Harris, 443 F.3d 822, 823–24 (11th Cir. 2006).

### III.

We do not review Hope's contentions that the court erred in denying his first motion to amend because he invited any error by conceding in his objections to the magistrate judge's report that the first FTCA claim was unrelated. And the court did not abuse its discretion by denying Hope's second motion to amend his complaint because it correctly concluded that constitutional tort claims may not be brought under the FTCA. See F.D.I.C. v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996, 1002 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

Next, if the district court's dismissal of the Bivens claims against the

5

Department of Justice and the Bureau of Prisons was error, it was invited error.

Hope conceded in his objections to the magistrate judge's report that he could not assert Bivens claims against those two federal agencies. Therefore we do not review that issue on appeal.

The district court did not err by dismissing Hope's claims against the individual defendants. Hope's complaint focuses on the individual defendants' roles overseeing the law libraries and the prisons in general. In a Bivens claim, supervisors are liable for an alleged constitutional violation only if they personally participate in it or if their actions cause the violation. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). The closest Hope's complaint comes to that kind of allegation about any of the individual defendants is an allegation that Warden Haynes did not investigate his claims of innocence. He alleges nothing that if true would demonstrate that any of the individual defendants were personally responsible for or causally connected to the supposed constitutional violation created by the prison libraries' alleged deficiencies.[1]

And the district court did not abuse its discretion when it denied Hope

---

[1] Supervisor liability under 42 U.S.C. § 1983 is essentially the same as under Bivens. See Doe v. Sch. Bd. Broward Cnty., Fla., 604 F.3d 1248, 1266 (11th Cir. 2004). Thus, even if we construe the Bivens claim against Florida Attorney General Butterworth as a claim under § 1983, it still fails for the same reason.

injunctive relief.  A party seeking a preliminary injunction is required to show, among other things, "a substantial likelihood of success on the merits."  Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011).  The district court correctly concluded that Hope's claim could not succeed on its merits.

**AFFIRMED.**