[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11653
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00186-HES-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIN LEONARDO PINEDA-CABRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 31, 2015)

Before MARTIN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Elvin Leonardo Pineda-Cabrera appeals his 24-month sentence, imposed after he pleaded guilty to being unlawfully present in the United States after having been deported in violation of 8 U.S.C. § 1326.  At sentencing, the district court applied an eight-level Sentencing Guidelines enhancement because it found that Pineda-Cabrera's 2005 misdemeanor conviction for burglary of a motor vehicle was an "aggravated felony" under United States Sentencing Guidelines § 2L1.2(b)(1)(C).  On appeal, Pineda-Cabrera contends that this enhancement was error.  First, he argues that, notwithstanding our holding to the contrary in United States v. Christopher, 239 F.3d 1191 (11th Cir. 2001), misdemeanor convictions cannot qualify as aggravated felonies.  Second, he argues that the record does not establish that his prior conviction is an aggravated felony under the modified categorical approach described in Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013).  After careful review, we affirm.

I.

We first address Pineda-Cabrera's argument that his 2005 conviction for burglary of a motor vehicle cannot qualify as an aggravated felony under the Sentencing Guidelines because it was a misdemeanor under state law.  We review de novo the district court's interpretation of the Sentencing Guidelines.  United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005).

2

Section 2L1.2(a) of the Sentencing Guidelines provides for a base offense level of eight if a defendant is convicted of unlawfully entering or remaining in the United States after being deported.  USSG § 2L1.2(a).  Section 2L1.2 also provides for an eight-level enhancement for defendants who had previously been deported following a conviction for an aggravated felony.  Id. § 2L1.2(b)(1)(C).

The commentary for this section states that "'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)) . . . ."  Id. § 2L1.2 comment. n.3(A).  In turn, § 1101 includes in its definition of aggravated felony "a theft . . . or burglary offense for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G).  An attempt to commit a theft or burglary offense also qualifies as an aggravated felony.  See id. § 1101(a)(43)(U).

Consistent with this definition, in Christopher, we held that a theft or burglary conviction that is a misdemeanor under state law but results in a term of imprisonment of at least one year is an "aggravated felony" within the meaning of § 1101 and USSG § 2L1.2.  239 F.3d at 1193; see also United States v. Ramirez, 731 F.3d 351, 354–55 (5th Cir. 2013) (observing that every circuit to consider the issue has rejected the argument that misdemeanors cannot qualify as "aggravated felonies" under § 1101 and USSG § 2L1.2).

3

Nevertheless, Pineda-Cabrera argues that we are not bound by Christopher because that case interpreted a previous version of the Guidelines and because it conflicts with the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S. Ct. 2577 (2010).  Both of these arguments are unavailing.  First, although it is true that USSG § 2L1.2 has been amended since we decided Christopher, those amendments have left the definition of "aggravated felony" untouched.  Compare USSG § 2L1.2 comment. n.3(A) (2014) ("'[A]ggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)) . . . ."), with USSG § 2L1.2 comment. n.1 (2000) ("'Aggravated felony,' is defined at 8 U.S.C. § 1101(a)(43) . . . .").

Second, contrary to Pineda-Cabrera's argument, Carachuri-Rosendo does not stand for the proposition that a state misdemeanor conviction cannot qualify as an aggravated felony.  Instead, in that case, the Supreme Court held that a conviction resulting in a term of imprisonment of less than one year does not constitute an aggravated felony under the Immigration and Nationality Act (INA) and Sentencing Guidelines simply because it could have resulted in a longer sentence.  See Carachuri-Rosendo, 560 U.S. at 582, 130 S. Ct. at 2589 ("The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is

4

insufficient to satisfy the statutory command that a noncitizen be convicted of an aggravated felony before he loses the opportunity to seek cancellation of removal." (quotation marks omitted and alteration adopted)).

Under our prior precedent rule, we are bound to follow Christopher "unless and until it is overruled by this court en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (quotation omitted). Thus, the district court did not err in finding that a state misdemeanor conviction can qualify as an aggravated felony for the purposes of USSG § 2L1.2.

## II.

Next, Pineda-Cabrera argues, for the first time, that the record does not establish that his prior conviction for burglary of a motor vehicle was either a burglary or theft offense within the meaning of 8 U.S.C. § 1101(a). The Sentencing Guidelines enhancement for burglary and theft convictions refers to the "generic" offenses of burglary and theft—that is, it refers to those offenses as they are "generally committed." See Nijhawan v. Holder, 557 U.S. 29, 34, 129 S. Ct. 2294, 2299 (2009). Because generic burglary is the burglary of a building or structure, burglary of a motor vehicle does not qualify as a burglary offense. See Taylor v. United States, 495 U.S. 575, 598, 110 S. Ct. 2143, 2158 (1990). Pineda-Cabrera argues that the record also does not establish that he was convicted of

5

generic theft because he was convicted under Texas Penal Code § 30.04—a divisible statute that does not necessarily implicate generic theft.  That statute provides that "[a] person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft."  Tex. Penal Code Ann. § 30.04 (emphasis added). Thus, if Pineda-Cabrera had been convicted of breaking into a vehicle with the intent to commit "any felony" (as opposed to theft specifically), this conviction would not qualify as a "theft offense."  See 8 U.S.C. § 1101(a)(43)(G).

Generally, when an appellant fails to raise an argument before the district court, we review only for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  However, where a party has "invited error," we are precluded from reviewing that argument at all.  United States v. Harris, 443 F.3d 822, 823–24 (11th Cir. 2006).  "The doctrine of invited error is implicated when a party induces or invites the district court into making an error."  United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998) (per curiam).  "The doctrine stems from the common sense view that where a party invites the trial court to commit error, he cannot later cry foul on appeal."  United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009).

At sentencing, Pineda-Cabrera's counsel expressly took the position that his 2005 conviction for burglary of a motor vehicle was an "attempted theft."

6

Sentencing Tr. 10, Apr. 2, 2014, ECF No. 50 ("[W]e are constrained in our argument that <u>the offense of burglary to a vehicle would fall under the domain of attempted theft</u>, and so our position, though, is whether or not that attempted theft is a felony." (emphasis added)).  Thus, although he now argues that the record does not in fact establish that this conviction was an attempted theft, he has invited any error that may exist.  Under this Court's precedent, we may not review his argument.

**AFFIRMED.**