[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10223
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00200-AT-JFK-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH PORTER,
a.k.a. KP,
a.k.a. Kenneth Marcel Porter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 24, 2015)

Before HULL, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Kenneth Porter appeals his guilty plea and the constitutionality of his enhanced sentence under the Armed Career Criminal Act ("ACCA").[1]  We affirm.

## I.    BACKGROUND

A federal grand jury charged Porter and others in an eleven-count superseding indictment.  Porter was charged with (1) dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1); (2) knowingly possessing and selling a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 9); being a felon in possession of a firearm, in violation of §§ 922(g)(1) and 924(e) (Count 10); and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 11).  Porter ultimately pled guilty to Counts 1, 9, and 10, without a plea agreement.  Count 11 was dismissed.

At Porter's change-of-plea proceeding, the government summarized the charges against him, proffered what it would prove if the case proceeded to trial, and explained Porter could be subject to an ACCA-enhanced sentence as to Count 10, because he had several prior felony convictions for crimes involving drugs and violence.  After the government's proffer, Porter explained to the district judge he did not believe he was an armed-career criminal.  The judge then asked defense

---

[1]  The ACCA applies and imposes a mandatory-minimum, 15-year sentence, where a defendant convicted under 18 U.S.C. § 922(g) has three previous convictions for "a violent felony or a serious drug offense, or both."  18 U.S.C. § 924(e)(1).

counsel to address the issue of the ACCA enhancement.  Defense counsel responded the ACCA's application was an issue that should be argued during sentencing.  The judge asked Porter directly if he was comfortable reserving that issue until the sentencing proceeding; he responded he was.

During the change-of-plea proceeding, the government contended Porter was an armed-career criminal as to Count 10 for possession of a firearm by a convicted felon.  Consequenly, the government explained Porter would be subject to a mandatory-minimum-prison term of 15 years and a maximum-prison term of life.  If the judge found the ACCA applied, she explained she would be obligated to impose a minimum 15-year-prison sentence; Porter stated he understood.  Upon inquiry, Porter stated he understood everything and did not need to discuss anything further with the judge or his attorney.

Porter's presentence investigation report ("PSI") stated the ACCA applied to him.  Porter objected to the application of the ACCA and argued his prior convictions could not serve as the basis for an ACCA enhancement.  At the sentencing hearing, the judge overruled Porter's objection and applied the ACCA, because Porter's prior convictions qualified as predicate offenses for ACCA purposes.  Based on Porter's criminal history, ACCA status, and total-offense level, his Sentencing Guidelines range was 210 to 262 months of imprisonment.

Nevertheless, the judge concluded that a total sentence of 15 years of imprisonment (180 months) was reasonable and sentenced him to that term.

## II.    DISCUSSION

A.    Invited Error

On appeal, Porter argues his plea was not knowingly and intelligently made, because, when he pled guilty, there was not yet a determination whether his prior convictions would subject him to an ACCA-enhanced sentence. Where a party induces or invites a district judge to make an error, the doctrine of invited error applies, and we are precluded from reviewing that error on appeal. *United States v. Harris*, 443 F.3d 822, 823-24 (11th Cir. 2006). In *Harris*, the parties jointly recommended an 80-month sentence. *Id.* at 823. The district judge asked the defendant if he was waiving his right to a PSI, and he answered affirmatively. *Id.* The judge accepted the recommended sentence. *Id.* On appeal, the defendant argued he did not waive his right to a PSI, and the judge improperly sentenced him without one. *Id.* We noted the district judge failed to satisfy Fed. R. Crim. P. 32(c)(1)(A)(ii) by failing to find the information in the record enabled a meaningful exercise of sentencing authority. Nonetheless, we determined the doctrine of invited error applied, because the defendant affirmatively waived the PSI and, consequently, induced any error that may have arisen. *Id.* at 824.

The doctrine of invited error precludes Porter from raising this issue on appeal, because he induced any error the district judge allegedly committed. *See id.* at 823-24.  At the plea colloquy, the judge asked Porter's attorney to address the issue of his armed-career-criminal status; defense counsel responded it was an issue to be addressed at sentencing.  The district judge then asked Porter directly if he was comfortable reserving the issue for sentencing; Porter stated he was.  Like the defendant in *Harris*, who invited any Rule 32(c)(1)(A)(ii) error by affirmatively waiving a PSI, Porter invited any error by asking the court to accept his guilty plea and resolve the ACCA issue at sentencing.  *Id.*

B.    Constitutional Conviction

Porter argues for the first time on appeal the ACCA, 18 U.S.C. § 924(e), violates the Fifth and Sixth Amendments of the United States Constitution, because it allows for the imposition of mandatory-minimum sentences, based upon alleged prior convictions not included in the indictment, admitted by the defendant, or proved beyond a reasonable doubt.  Porter acknowledges the Supreme Court case of *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), where the Court recognized that prior convictions need not be charged in an indictment or proven beyond a reasonable doubt.  Nevertheless, he argues *Almendarez-Torres* is inconsistent with the more recent opinion in *Alleyne v. United States*, 564 U.S. ___, ___, 133 S. Ct. 2151 (2013), under which facts that

5

increase the minimum penalty of an offense were held to be elements of the offense that must be decided by a jury.

We normally review constitutional sentencing issues de novo; however, we review for plain error, where a defendant fails to raise an objection before the district judge at sentencing. *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014). The Supreme Court in *Alleyne* was careful to note that its holding did not disturb the rule in *Almendarez-Torres* that prior convictions need not be submitted to a jury. *See Alleyne*, 564 U.S. at ___, 133 S. Ct. at 2160 n.1. We additionally have held that it is constitutionally permissible for a district judge to enhance a defendant's sentence and impose a mandatory-minimum sentence, based on prior convictions that were not found by the jury. *See United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014) ("*Alleyne* did not overrule *Almendarez-Torres*, and the Fifth and Sixth Amendments do not limit the use of [the defendant's] prior convictions."); *Harris*, 741 F.3d at 1249. In *Harris*, we addressed the issue directly:

> As this discussion indicates, *Alleyne* did not address the specific question at issue in this case, which is whether a sentence can be increased because of prior convictions without a jury finding the fact of those convictions. That question continues to be governed by *Almendarez–Torres* . . . where the [Supreme] Court determined that the fact of a prior conviction is not an 'element' that must be found by a jury. Indeed, the *Alleyne* Court specifically recognized that, under *Almendarez–Torres*, prior convictions are excepted from the general rule that a jury

6

must find any fact that will increase the penalty for an offense.

*Harris*, 741 F.3d at 1249.

Porter's argument regarding this issue is foreclosed by Supreme Court and circuit precedent. He does not dispute on appeal the fact of his prior convictions or that they could have served as predicate felonies for an ACCA enhancement. Instead, he argues *Almendarez-Torres* is inconsistent with the Court's more recent *Alleyne* decision, which is a misreading of *Alleyne*. In *Alleyne*, the Court explicitly stated its decision did not disturb the "narrow exception . . . for the fact of a prior conviction," recognized in *Almendarez-Torres* to the "general rule" that "facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime" that must be proved to a jury. *See Alleyne*, 564 U.S. ___, 133 S. Ct. at 2160 & n.1 (quotation omitted); *see also Harris*, 741 F.3d at 1249. Contrary to Porter's argument, *Alleyne* and *Almendarez-Torres* are consistent. He has failed to show § 924(e) is unconstitutional by allowing a district judge to impose a mandatory-minimum sentence by relying on prior convictions he did not admit and the government did not prove beyond a reasonable doubt. *See Smith*, 775 F.3d at 1266. Therefore, we affirm his conviction and sentence.

**AFFIRMED.**

7