[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13280
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-22414-KMW,
Bkcy No. 14-28856-bkc-AJC

In re:

ALI ASGHAR MIRZATAHERI,
SOLEDAD MIRZATAHERI,

                                                    Debtors.

_____

ALI ASGHAR MIRZATAHERI,
SOLEDAD MIRZATAHERI,

                                                    Plaintiffs - Appellants,

versus

TRUSTEE MARCIA T. DUNN,
FM EAST DEVELOPERS, LLC,
KINGCADE AND GARCIA,
Consolidated Appellee,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 3, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ali Asghar Mirzataheri and Soledad Mirzataheri appeal the district court's order affirming certain decisions made by the bankruptcy court. Specifically, the Mirzataheris contest: (1) the bankruptcy court's finding that their bankruptcy petition was filed in bad faith; (2) whether the bankruptcy court had jurisdiction to order sanctions against them in connection with a motion brought under 11 U.S.C. § 707; (3) the bankruptcy court's decision to deny their motion to disgorge fees from the law firm that allegedly advised the Mirzataheris to file the bankruptcy petition; and (4) whether the bankruptcy court had jurisdiction to "expand upon or alter its [sanctions] ruling by the threat of contempt for failing to pay the judgment." After review,[1] we affirm the district court's affirmance of the bankruptcy court's orders and judgment.

_____

[1] "In a bankruptcy appeal, we sit as the second court of review of the bankruptcy court's judgment. Like the district court, we review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013) (citation omitted).

The parties are familiar with the facts and procedural history of the case, which were summarized by the district court.

## I.  DISCUSSION

### A.  Bad Faith[2]

The Mirzataheris first contend their bankruptcy was not filed in bad faith because filing bankruptcy to avoid liability for the rejection of an executory contract is a legitimate practice.  This argument is waived because it was not presented to the district court.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).  Rather, before the district court, the Mirzataheris advanced a different argument:  that it is not "[*i*]*nherently* bad faith to file a bankruptcy petition with the primary reason being to extricate oneself from having to specifically perform a contract."  Or, put differently, "there is no *automatic presumption* of bad faith in filing a bankruptcy petition that merely seeks to discharge financial liabilities" arising from backing out of an executory contract.

That argument would have been unavailing even if it were repeated on appeal because it incorrectly assumes the bankruptcy court's finding of bad faith was based on an automatic presumption arising from the Mirzataheris' desire to avoid the consequences of their contract with FM East Developers, LLC (FM).

---

[2] We review a determination that a bankruptcy petition was filed in bad faith for clear error under the totality of the circumstances.  *Id.* at 1273.  "A factual finding is clearly erroneous only when this Court, after reviewing all of the evidence, is left with the definite and firm conviction that a mistake has been committed.  Such a conviction arises only when there has been a manifest disregard of right and reason."  *Id.* (quotations and citation omitted).

The bankruptcy court never suggested its decision was based solely on the Mirzataheris' desire to avoid the consequences of their deal with FM. On the contrary, the record reveals the bankruptcy court based its decision on additional factors, including the Mirzataheris' solvency at the time they requested Chapter 7 relief and Ali Mirzataheri's lack of candor in his testimony before the court.

Furthermore, even if the Mirzataheris had preserved a more general challenge to the bankruptcy court's finding of bad faith, it would fail because the record does not demonstrate the finding was clearly erroneous. In fact, the Mirzataheris' counsel acknowledged before the bankruptcy court: "I don't think I would have filed [the bankruptcy]. I think there are arguments why it isn't bad faith, but I think I would not have filed it under that fear." He added that "most attorneys [he knew] of would have, *if not all others*, would have shied them away from filing, given the particular facts that they were facing." At best, it would be inconsistent for that same counsel to suggest on appeal the bankruptcy court clearly erred by finding bad faith.

The Mirzataheris' contention that the bankruptcy court did not hold an evidentiary hearing, as required under 11 U.S.C. § 707, also lacks merit. As we acknowledged in *In re Piazza*, the Bankruptcy Code requires only such notice or hearing "*as is appropriate* in the particular circumstances." 719 F.3d 1253, 1272 n.8 (11th Cir. 2013) (quoting 11 U.S.C. § 102(1)(A) (emphasis added)). Here, the

4

bankruptcy court stated at the outset of the hearing on May 5, 2015, that it would address the pending motion to dismiss for bad faith.  At the conclusion of that hearing, and after Ali Mirzataheri presented evidence concerning the alleged settlement agreement, the bankruptcy court asked the Mirzataheris' counsel, "Are we finished?  Anything else, Mr. Russo?"  Counsel replied, "No, Your Honor." The court then announced its conclusions.  At no time did the Mirzataheris object that additional evidence was needed on the issue of bad faith.[3]  They cannot now claim the bankruptcy court's findings must be rejected on appeal because they were not provided an adequate evidentiary hearing.  *See id.*

## B.  Sanctions[4]

Next, the Mirzataheris assert the bankruptcy court lacked jurisdiction to order sanctions against them, because the motion to dismiss was brought under 11 U.S.C. § 707.  This argument lacks merit for the reasons explained by the district court.

---

[3] The Mirzataheris' contention that the hearing was expressly limited to presenting evidence on the issue of whether to enforce the alleged settlement agreement also lacks merit. That argument is based on two exchanges between the bankruptcy court and FM's counsel. After review, neither of those exchanges suggests the court limited the parties to presenting evidence on the settlement-enforcement issue.  On the contrary, the court agreed to begin the hearing by discussing the settlement-enforcement issue and then later confirmed its understanding—based on FM's counsel's clarification to a question posed by the court—that FM did not wish to present any additional evidence on that issue.  Neither FM's counsel nor the court suggested all evidence at the hearing would be confined to the settlement-enforcement issue.

[4] We review questions of law, such as whether a bankruptcy court has jurisdiction to award sanctions under a particular statutory provision, de novo. *In re Piazza*, 719 F.3d at 1260.

5

## C. Disgorgement[5]

The Mirzataheris also contend the bankruptcy court clearly erred by not finding that their former law firm—which filed the bankruptcy petition on their behalf—failed to provide "any meaningful benefit" and was thus required to disgorge all fees it received in the case. This argument also fails for the reasons explained by the district court.

## D. Contempt[6]

Finally, the Mirzataheris contend the bankruptcy court "overreached its jurisdictional authority by expanding upon its order requiring the debtors to pay the Trustee's fees and costs." Although it is not entirely clear, the Mirzataheris appear to be arguing the bankruptcy court lacked authority to enter a judgment against them after threatening them with contempt for ignoring the order to pay the trustee's fees. This argument, too, lacks merit.

At the show-cause hearing, the Mirzataheris' counsel argued:

Of course, again, it's our position they should never have been ordered to pay it, and if they were ordered to pay it, it had to be in the form of a judgment, *that the only proper action of the Court, even at this point, would only be to reduce it to a judgment, and let execution enter on it*, but not to enforce it by way of contempt.

---

[5] We review a bankruptcy court's factual findings, such as the reasonable value of legal services, for clear error. *Id.*

[6] We review for abuse of discretion an order granting a motion for civil contempt. *Afro-Am. Patrolmen's League v. City of Atlanta*, 817 F.2d 719, 723 (11th Cir. 1987).

The bankruptcy court then sustained the order to show cause and stated:  "[I]t appears that the debtors are in contempt, but at this time, the Court will reserve jurisdiction, but issue a final judgment in favor of the trustee, on which you can execute . . . ."  In other words, the bankruptcy court did precisely what the Mirzataheris' counsel suggested was appropriate—it reduced its previous order to a judgment on which execution could issue.  Even if we were to assume the validity of the Mirzataheris' premise that the bankruptcy court could not enter a final judgment on sanctions as part of contempt proceedings, that argument is not available on appeal.  *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) ("Where a party invites error, the Court is precluded from reviewing that error on appeal." (quoting *United States v. Harris*, 443 F.3d 822, 823–24 (11th Cir. 1998))).

## II.  CONCLUSION

We affirm the district court's affirmance of the bankruptcy court's orders and judgment.

**AFFIRMED.**