[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10423
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00015-TFM-B-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDA LANCON.

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(November 6, 2020)

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Linda Lancon appeals her conviction for conspiracy to possess with intent to

distribute cocaine and her 300-month sentence.  First, she argues that the district

court erred in denying her motion to suppress evidence obtained from the search of her codefendant's truck because she did not consent to the search as the passenger. Second, she argues that the district court abused its discretion in admitting evidence through Hilario Vasquez-Valdez's testimony that she had engaged in past drug distribution because it did not prove intent or motive for charged crimes. Third, she argues that the district court abused its discretion in admitting an out-of-court statement by her codefendant because it was hearsay and violated her right to confront the witness. Finally, she argues that her sentence is procedurally and substantively unreasonable.

## I.

The district court's ruling on a motion to suppress raises "a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We review the district court's findings of fact for clear error and the application of law to those facts *de novo*. *Id.*

The Fourth Amendment is a personal right that cannot be asserted vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). To establish a reasonable expectation of privacy, a person must have: (1) "a subjective expectation of privacy; and (2) society is prepared to recognize that expectation as objectively reasonable." *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir.

2008).  The defendant has the burden to establish "a legitimate expectation of privacy in the area searched."  *Id.*

In the vehicle context, we have recognized that "[a] passenger usually lacks a privacy interest in a vehicle that the passenger neither owns nor rents, regardless of whether the driver owns or rents the vehicle." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998).  A passenger "does not have the right to exclude others from the car." *United States v. Lee*, 586 F.3d 859, 864 (11th Cir. 2009). Third parties may consent to searches when they possess "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171 (1974).  If law enforcement reasonably believed that the co-occupant "possessed authority over the premises" at the time of entry, then the co-occupant's consent to search is valid.  *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (per curiam).  If the person who would refuse consent is not present or does not object, then the consent of the present co-occupant is good against the absent or silent co-occupant.  *Matlock*, 415 U.S. at 170-71.  Moreover, where one co-occupant consents to a search, officers are not required to ask physically present co-occupants for consent.  *United States v. Morales*, 893 F.3d 1360, 1369-70 (11th Cir. 2018).

Here, the district court did not err by denying Lancon's motion to suppress because she did not have standing to assert a violation of the Fourth Amendment.

3

The police reasonably concluded that the driver owned the truck because he was the driver, discussed the stop with the officer, and presented the truck's ownership paperwork. Thus, the officer obtained consent to search the truck from the driver. Because Lancon was only a passenger in the truck, she did not have a privacy interest in it, and she failed to present any evidence to carry her burden to show she had an interest. Even if Lancon had a privacy interest derived from the officer's assumption that Lancon and the driver were married, the driver's consent to the search was sufficient. S*ee Morales*, 893 F.3d at 1369-70. Accordingly, the district court did not err in denying the motion to suppress.

## II.

We review a trial court's evidentiary ruling for abuse of discretion. *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). An erroneous evidentiary ruling will be reversed on if "there is a reasonable likelihood that it affected the defendant's substantial rights." *See United States v. Hawkins*, 905 F.2d 1489, (11th Cir. 1990).

Rule 404 of the Federal Rules of Evidence provides that:

(b) Other Crimes, Wrongs, or Acts—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause

shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).  Thus, evidence of uncharged, criminal activities generally is considered inadmissible, extrinsic evidence under Fed. R. Evid. 404(b).  *Id.* However, the evidence  is admissible under the following circumstances: (1) it is "relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice."  *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

The introduction of past drug dealing as evidence is highly relevant on the issue of intent in a criminal conspiracy.  *United States v. Maxwell*, 34 F.3d 1006, 1009 (11th Cir. 1994).  "[E]xtrinsic drug offenses do not tend to incite a jury to an irrational decision."  *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995).

Here, the district court did not abuse its discretion in admitting Valdez-Vasquez's testimony.  First, the testimony was relevant as to Lancon's intent to conspire to possess the cocaine with the intent to distribute it, and demonstrated that her presence in the truck was not accidental.  Second, his testimony was sufficient proof to permit the jury to find that Lancon was involved in the past drug dealing.  Finally, the testimony was highly probative because past

5

drug dealing is highly relevant to the intent to participate in the present conspiracy, and not overly prejudicial.  Thus, the district court did not abuse its discretion.

III.

We evaluate a Sixth Amendment claim based on the Confrontation Clause *de novo*.  *United States v. Yates*, 438 F.3d 1307, 1311 (11th Cir. 2006).

"The doctrine of invited error is implicated when a party induces or invites the district court into making an error."  *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).  "Where a party invites error, the Court is precluded from reviewing that error on appeal."  *United States v. Harris*, 443 F.3d 822, 823-24 (11th Cir. 2006).  "If a party agrees to the admissibility of certain evidence, he cannot later complain that any resulting error is reversible."  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009); *United States v. Jernigan,* 341 F.3d 1273, 1289–90 (11th Cir. 2003) (holding that defendant invited error by agreeing to allow tape-recorded statement into evidence); *United States v. Parikh*, 858 F.2d 688, 695 (11th Cir.1988) (holding defense counsel invited error when he asked government witness to relay hearsay).

Here, we are barred from reviewing whether Lancon's codefendant's out-of-court statement was properly admitted because Lancon invited any potential error.  She agreed to allow the government to introduce her codefendant's full

statement, and she cannot claim that the admission was an error because she invited it. Accordingly, we are precluded from reviewing this claim.

IV.

We review sentences for reasonableness under a two-step process, whereby we first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guideline range. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Assuming that the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The notice requirements for sentencing departures do not extend to sentencing variances. *Irizarry v. United States*, 533 U.S. 708, 715-16 (2008). The district court's sentence is not procedurally reasonable if it makes clearly erroneous

factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). The district court "may not speculate about the existence of a fact that would result in a higher sentence," but must only consider "reliable and specific evidence." *Id.* at 1197.

The district court's factual findings may be based on, among other things, evidence heard during trial, undisputed statements in the presentence investigation report, or evidence presented during the sentencing hearing. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). In determining a defendant's sentence, the district court "may consider, without limitation, any information concerning the background, character and conduct of the defendant." *See* U.S.S.G. § 1B1.4. "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir. 2005). If a defendant clearly and specifically objects to facts contained in the PSI, the district court cannot rely on those facts at sentencing unless the government proves the disputed facts by a preponderance of the evidence. *United States v. McCloud*, 818 F.3d 591, 599 (11th Cir. 2016).

We examine the substantive reasonableness of a sentence "in light of the totality of the circumstances and the § 3353(a) factors." *Trailer*, 827 F.3d at 936. We will vacate a sentence as substantively unreasonable only if we are "left with

the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted). When a sentencing court varies above the advisory guideline range, it must support that decision with a justification that is "sufficiently compelling to support the degree of the variance." *Id.* at 1186 (quoting *Gall,* 552 U.S. at 50). A "major variance does require a more significant justification than a minor one." *Irey*, 612 F.3d at 1196. We do not assume a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the extent of the variance is justified by the § 3553(a) factors. *Id.* at 1187. The district court's discretion, though, is subject to the reasonableness requirement and appellate review. *Id.* at 1191.

A district court must select a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a). In making such selection, the district court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the advisory guideline range, (4) the pertinent policy statements of the Sentencing Commission, (5) the need to

avoid unwarranted sentencing disparities among similarly situated defendants, and (6) any need for restitution to victims. *Id.*

Here, the district court did not err in sentencing Lancon because the sentence is reasonable. First, Lancon's sentence is procedurally reasonable because the district court considered the evidence as presented during trial. Lancon's objection to the factual record as a whole was not clear or specific enough to require the government to prove the facts at the sentencing hearing. Further, the district court was not required to provide notice of an upward departure because the district court only upwardly varied. There was also no procedural error for the district court to explain that it thought the jury was incorrect regarding Count 2, and the district court could still consider its underlying conduct. The district court based its decision on the evidence presented at trial, and thus, the sentence was procedurally reasonable. *See Polar*, 369 F.3d at 1255.

Second, the sentence was substantively reasonably because the district court expressly considered the § 3553(a) factors and the record supports its determination that the guidelines did not account for Lancon's criminal history. The district court concluded that Lancon had significant criminal connections based on Vasquez-Valdez's testimony about their relationship and the testimony about the GPS records and the truck's past trips. *See* 18 U.S.C. § 3353(a). Thus, the district court expressly considered the § 3553(a) factors, and it clearly and

sufficiently laid out its reasons for varying upward from the guideline range. *See Irey*, 612 F.3d at 1190. Her history and characteristics showed that she had engaged in substantial drug dealing activities in the past, which the guidelines did not account for because she did not accumulate criminal history points. Thus, Lancon's sentence is reasonable.

**AFFIRMED.**