[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12016

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALMANDO ENRIQUE MARQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60036-WPD-1

_____

Before LUCK, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Almando Enrique Marquez appeals his 151-month sentence, imposed after he pleaded guilty to two counts of distribution of heroin.  We affirm.

Marquez has led a life of violence.  He has been arrested ten times since the age of fourteen, resulting in fourteen convictions.

In 2006, Marquez pleaded guilty to aggravated battery with a deadly weapon after getting into an altercation and shooting his victim in the left arm.  During his ten-year prison sentence, he racked up thirty-three disciplinary actions including fighting, disorderly conduct, participating in riots, possession of weapons, and two instances of lewd or lascivious exhibition.  The Florida Department of Corrections designated Marquez as a perpetrator under the Prison Rape Elimination Act and a career offender.

In 2019, Marquez pleaded guilty to possession of a firearm/weapon by a convicted felon and attempted second-degree murder.  A police officer witnessed Marquez and the victim engage in a physical altercation, during which Marquez "stabbed the victim multiple times in the left arm," resulting in "multiple deep lacerations."  Marquez was sentenced to 366 days' incarceration as a habitual violent offender.

In 2020, Marquez was charged with the murder of a man who took multiple gunshot wounds to the torso and upper extremities. This case remains pending in state court.

Marquez was indicted for the current offense in 2021. Pursuant to a written agreement, he pleaded guilty to two counts of distributing a detectable amount of heroin, in violation of 21 U.S.C. section 841(a)(1). The probation office prepared a presentence investigation report, which included a career offender enhancement resulting from Marquez's 2006 aggravated battery and 2019 attempted second-degree murder convictions. Marquez objected to the report, arguing that his conviction for attempted second-degree murder didn't qualify as a crime of violence for purposes of the enhancement. He argued that this conviction wasn't an enumerated offense within section 4B1.2(a)(2), nor was it categorically a crime of violence "under the identical elements clause of the Armed Career Criminal Act."

At sentencing, the district court recounted Marquez's violent past, including the two offenses resulting in the career offender enhancement, and overruled his objection. The parties confirmed that Marquez's guideline range, with the enhancement, was 151 to 188 months' imprisonment. The district court asked Marquez what the guideline range would be without the enhancement. After initially responding that the range would be seventy to eighty-seven months, Marquez agreed with the government that the correct range would be seventy-seven to ninety-six months. After

stating that it had considered the guidelines and the section 3553(a) factors, the district court addressed Marquez:

> You have a terrible record.  It's a violent record.  But I'm going to reluctantly go along with the government's recommendation in this case.  Let me also say that if you weren't a career offender, I would have departed upward to the same sentence because I think the Supreme Court says that I can disagree with the guideline if I feel strongly about it, and I think that a 151-month sentence is an appropriate sentence in this case only because you pled guilty and you didn't go to trial on the case.

The district court sentenced Marquez to 151 months' total imprisonment, to be followed by three years' supervised release.

On appeal, Marquez argues that the district court erred in sentencing him as a career offender because his conviction for attempted second-degree murder doesn't qualify as a crime of violence under section 4B1.1(a).  But we don't have to decide whether the district court made a guideline error if the alleged error made no difference to the sentence imposed and the ultimate sentence was reasonable.  *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006).  That is, if the district court explained that the sentence wouldn't have changed with a different guideline calculation, we assume that there was an error, calculate the guideline range without the error, and analyze whether the imposed sentence was substantively reasonable under the new guideline range.  *Id.* at 1349.

If it was, then we affirm.  *Id.* at 1350.  The burden is on the defendant to prove the unreasonableness of his sentence considering the record and the section 3553(a) factors.  *Id.*

We agree with the government that any error in applying the career offender enhancement made no difference to the sentence the district court imposed.  The district court expressly stated that it would've imposed the same sentence without the career offender enhancement.  So, the question for us is whether Marquez's 151-month sentence was substantively reasonable.

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A district court abuses its discretion and imposes a substantively unreasonable sentence if it:  (1) fails to consider relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Without the enhancement, Marquez's guideline range would've been seventy to eighty-seven months' imprisonment.  In sentencing Marquez to 151 months' imprisonment, the district court stated that it considered the section 3553(a) factors.  When it addressed Marquez at the hearing, the district court explained that Marquez's extensive criminal history warranted a higher sentence, describing it as "terrible" and "violent."  *See id.* at 1263 ("Placing substantial weight on a defendant's criminal record is entirely consistent with [section] 3553(a) because five of the factors it requires

a court to consider are related to criminal history.").  The record supports this conclusion given:  (1) Marquez's fourteen prior convictions, including for violent crimes; (2) his thirty-three disciplinary actions while incarcerated; (3) his state designations as a Prison Rape Elimination Act perpetrator, career offender, and habitual violent offender; and (4) his pending murder charge.  We also note that Marquez's 151-month sentence fell well below his statutory maximum of twenty years' imprisonment.  *See* 21 U.S.C. §§ 841(b)(1)(C) and 812(c); 21 C.F.R. § 1308.11(c)(11); *United States v. Osorto*, 995 F.3d 801, 823 (11th Cir. 2021) (holding that one indicator of reasonableness is whether the sentence falls well below the maximum penalty).

Marquez argues that his sentence was procedurally unreasonable because the district court mistakenly believed that his guideline range without the career offender enhancement would've been seventy-seven to ninety-six months' imprisonment.  Ordinarily, when reviewing for procedural reasonableness, we consider legal issues de novo and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  But under the doctrine of invited error, we're precluded from reviewing the merits of an error, even for plain error, if the appellant induced or invited the district court to make the error. *United States v. Harris*, 443 F.3d 822, 823–24 (11th Cir. 2006).  A defendant invites the district court to err when he "expressly acknowledge[s]" that the court may take the action of which he complains on appeal or "expressly requested" that action.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006); *United States v. Carpenter*, 803 F.3d 1224,

21-12016                Opinion of the Court                7

1236 (11th Cir. 2015).  Here, because Marquez agreed with the government that his guideline range would've been seventy-seven to ninety-six months' imprisonment, we can't review this argument.

**AFFIRMED.**